**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

INVISION ARCHITECTURE, LTD.,

    Plaintiff,

vs.

JEFFREY ANDERZHON,
MICHAEL CARLSON,
BROWN ARCHITECTURE &
DESIGN CO. d/b/a/ STUDIO 360
ARCHITECTURE,

    Defendants.

No. 11-CV-2001-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

*I.  INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II. RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III. RELEVANT FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . *2*

    *A.    Parties* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    *B.    Agreements* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    *C.    InVision's Claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *D.    Motion to Dismiss* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *E.    Order* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

*IV. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

    *A.    Parties' Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *B.    Local Rule 7(e)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *C.    Federal Rule of Civil Procedure 60(b)* . . . . . . . . . . . . . . . . . . . . . *6*
        *1.    Rule 60(b)(2)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        *2.    Rule 60(b)(3)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
        *3.    Rule 60(b)(6)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
    *D.    Alternative Request for Discovery* . . . . . . . . . . . . . . . . . . . . . . . *9*

*V. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

## I. INTRODUCTION

The matter before the court is Plaintiff InVision Architecture, Ltd.'s ("InVision") "Motion to Reconsider Ruling on Motion to Dismiss for Lack of Personal Jurisdiction" ("Motion to Reconsider") (docket no. 22).

## II. RELEVANT PROCEDURAL HISTORY

On January 20, 2011, Defendant Brown Architecture & Design Co. d/b/a/ Studio 360 Architecture ("Studio 360")[1] filed a "Motion to Dismiss for Lack of Personal Jurisdiction" ("Motion to Dismiss") (docket no. 8). On February 14, 2011, InVision filed a Resistance (docket no. 15). On February 28, 2011, Studio 360 filed a Reply (docket no. 19). On April 11, 2011, the court entered an Order (docket no. 21) granting the Motion to Dismiss.

On April 21, 2011, InVision filed the Motion to Reconsider. On April 22, 2011, Studio 360 filed a Resistance (docket no. 24) to the Motion to Reconsider. InVision did not file a Reply and the time for doing so has expired. *See* LR 7(g).

## III. RELEVANT FACTUAL BACKGROUND

### A. Parties

InVision is an Iowa corporation with its principal place of business in Waterloo, Iowa. Defendant Jeffrey Anderzhon is a citizen of Virginia. Defendant Michael Carlson is a citizen of Nebraska. Studio 360 is a Nebraska Corporation with its principal place of business in Omaha, Nebraska.

### B. Agreements

Anderzhon and Carlson worked at InVision's Omaha office and owned shares in InVision. On October 3, 2006, Anderzhon and Carlson reached separate agreements with InVision, in which they agreed to separate from, and surrender their shares to, InVision. Upon his separation from InVision, Carlson began working for Studio 360.

---

[1] Studio 360 now uses the name Slate Architecture.

### C. InVision's Claims

In the Third Amended Complaint (docket no. 4), InVision alleges that Anderzhon and Carlson breached the agreements when they used architectural designs that InVision owned. InVision also alleges that Anderzhon and Carlson misappropriated the architectural designs, and that Anderzhon, Carlson and Studio 360 used and profited from InVision's trade secret.

### D. Motion to Dismiss

In its Motion to Dismiss, Studio 360 argued that the Third Amended Complaint "fail[ed] to provide any factual allegations regarding Studio 360's alleged minimum contacts to support this [c]ourt's exercise of specific and/or general personal jurisdiction." Motion to Dismiss at ¶ 11. Studio 360 then asked the court to "dismiss [InVision's] allegations against it for failure to adequately plead personal jurisdiction pursuant to [Federal Rule of Civil Procedure] 12(b)(2)." *Id.* at ¶ 12.

In its Resistance to the Motion to Dismiss, InVision maintained that the court had general personal jurisdiction over Studio 360. Specifically, InVision argued that Studio 360 had continuous and systematic contacts with Iowa based upon the following facts: (1) Studio 360 was licenced and registered to do business in Iowa; (2) Dwayne Brown, one of Studio 360's owners and its principal architect, was a licensed architect in Iowa; (3) Studio 360 "advertised its ability to practice architecture in Iowa"; and (4) two of Studio 360's architects "have taken part in professional activities in Iowa." Resistance to Motion to Dismiss at 7-8.

In its Reply, Studio 360 argued that it was not registered to do business in Iowa and that it has never advertised in Iowa. Studio 360 also argued that, although two of its architects participated in non-company related activities in Iowa and its principal architect was licensed in Iowa, such contacts were insufficient to confer general jurisdiction.

### E. Order

Because InVision did not argue that the court had specific jurisdiction over Studio 360, the court only considered whether general jurisdiction existed. In doing so, the court considered each of Studio 360's contacts with Iowa that InVision discussed in its Resistance to the Motion to Dismiss. The court concluded that InVision did not produce sufficient evidence that Studio 360 advertised its ability to practice architecture in Iowa. The court then held that the remaining contacts were not sufficiently continuous and systematic to justify a finding that Studio 360 is subject to general personal jurisdiction in Iowa. Consequently, the court granted Studio 360's Motion to Dismiss for lack of personal jurisdiction and dismissed Studio 360 from the instant action. InVision now asks the court to reconsider the Order.

### IV. ANALYSIS

#### A. Parties's Arguments

InVision asks the court to reconsider the Order because "[a]dditional evidence has come to light[]" that Studio 360 has done business in Iowa. Motion to Reconsider at 1. InVision explains that Studio 360's website, which was "under construction" when the Motion to Dismiss was pending, "now claims credit for designing three buildings in Council Bluffs, Iowa." *Id.* at 2-3. These three buildings include the Council Bluffs Senior Center, the MICAH House (an emergency homeless shelter) and the Heartland Family Service Transitional House (a temporary residential facility for families regaining financial stability). InVision maintains that Studio 360's listing of these three projects on its website constitutes advertising and "calls into question the veracity of the affidavit signed and filed by Studio 360's principal, Dwayne Brown." *Id.* at 2. In his affidavit, Brown averred that Studio 360 "[d]oes not solicit customers or business from Iowa" and "[d]oes not tailor its business products to serve Iowa residents." Motion to Reconsider Exh. 1-D (docket no. 22-1) at ¶ 9(b) and (k).

InVision explains that it did not bring these facts to the court's attention in its Resistance to the Motion to Dismiss because Studio 360's website was under construction at the time and InVision was unaware "that Studio 360 was going to claim credit for designing three buildings in Iowa . . . ." Motion to Reconsider at 3. InVision maintains that, "if it is established that Studio 360 is both licensed to practice architecture in Iowa and has . . . constructed at least three buildings in Iowa, it is more likely that this [c]ourt would have found and exercised general personal jurisdiction over Studio 360 in this litigation." *Id*. Therefore, InVision asks the court to "reconsider [the] Order . . . and enter a new order denying [the Motion to Dismiss]. In the alternative, InVision respectfully requests that this [c]ourt withdraw [the] Order . . . and allow InVision to conduct discovery regarding Studio 360's activities related to Iowa." *Id*.

Studio 360 resists the Motion to Reconsider, arguing that (1) the Motion to Reconsider is time-barred under Local Rule 7(e); (2) the Motion to Reconsider is improper under Federal Rule of Civil Procedure 60(b); (3) InVision's claims of misrepresentation are inaccurate; (4) InVision's purported new evidence still fails to show Studio 360's continuous and systematic contacts with Iowa; and (5) InVision's request for jurisdictional discovery is untimely.

### *B. Local Rule 7(e)*

Studio 360 maintains that the Motion to Reconsider is time-barred pursuant to Local Rule 7(e), which "provides that motions to reconsider must be filed within [seven] days of the order sought to be reconsidered." Resistance to Motion to Reconsider at 1. However, the seven day deadline in Local Rule 7(e) does not apply to all motions to reconsider, but only motions to reconsider court orders filed without waiting for a resistance. In this case, the court entered the Order after InVision filed its Resistance to the Motion to Dismiss. Consequently, the seven day deadline does not apply and the Motion to Reconsider is not time-barred pursuant to Local Rule 7(e).

### C. Federal Rule of Civil Procedure 60(b)

InVision asks the court to reconsider the Order without providing any legal support for its position or specifying the legal basis for its requested relief. The court finds that the proper basis for InVision's requested relief is Federal Rule of Civil Procedure 60(b), which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or]
>
> . . . .
>
> (6) any other reason that justifies relief.

All motions filed under Rule 60(b) must be filed within a reasonable time, and if the motion is based upon Rule 60(b)(2) or (3), then it must be filed within one year after the entry of the judgment or order from which the party seeks relief. *See* Rule 60(c).

#### 1. Rule 60(b)(2)

InVision asks this court to reconsider the Order, arguing that it has discovered new evidence that Studio 360 has done business in Iowa. Specifically, InVision states that on its website, Studio 360 takes credit for designing three buildings in Council Bluffs, Iowa. InVision maintains that it did not provide the court this information in its Resistance to the Motion to Dismiss because Studio 360's website was under construction. A party seeking relief under Rule 60(b)(2), based upon the discovery of new evidence, must prove the following: "(1) that the evidence was discovered after the court's order, (2) that the

6

movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result." *Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006).

Thus, in order to prevail on a Rule 60(b)(2) motion, InVision must show, among other things, that it was unable to uncover the newly discovered evidence prior to the court's entry of the Order. *See id.* However, InVision does not explain why it failed to seek discovery regarding Studio 360's business contacts with Iowa before the court entered the Order. *See id.* at 414-15 (denying Rule 60(b)(2) motion because movant failed to avail himself of available discovery remedies). The court agrees that it is, at the very least, suspicious that Studio 360's website was "under construction" while the Motion to Dismiss was pending, was no longer "under construction" after the court entered the Order and is now again "under construction" while the court is deciding the Motion to Reconsider. *See* Slate Architecture, http://www.slatearchitecture.com/ (last visited July 29, 2011).

Despite this, the court cannot conclude that InVision was diligent in its efforts to seek information related to Studio 360's contacts with Iowa before the court entered the Order.[2] *See, e.g., Miller*, 439 F.3d at 414-15 (holding the Rule 60(b)(2) movant failed to show reasonable diligence); *Lucy v. Chater*, 113 F.3d 903, 904-05 (8th Cir. 1997) (same); *Baxter Int'l, Inc. v. Morris*, 11 F.3d 90, 93 (8th Cir. 1993) (denying Rule 60(b) motion because movant failed to make efforts to obtain the information using other avenues); *Pioneer v. Gelt*, 558 F.2d 1303, 1312-13 (8th Cir. 1977) (affirming district court's finding that the movant would have been aware of the information if he had used reasonable diligence). Consequently, the court shall deny InVision's Motion to Reconsider to the

---

[2] Having concluded that InVision was not reasonably diligent, the court need not consider the remaining factors, including whether the new information would probably have produced a different result.

extent that it is based upon new evidence under Rule 60(b)(2).

### 2. *Rule 60(b)(3)*

InVision may be entitled to relief from the Order pursuant to Rule 60(b)(3) in the event of fraud, misrepresentation or other wrongdoing. InVision asserts that the new information it discovered on Studio 360's website "calls into question the accuracy and veracity of the affidavit signed and filed by Studio 360's principal, Dwayne Brown." Motion to Reconsider at 2. InVision maintains that Studio 360 "claims credit for designing three buildings in Council Bluffs, Iowa." *Id.* InVision argues, "This website advertising casts doubt upon Brown's assertions . . . [in] his affidavit that Studio 360 '[d]oes not solicit customers or business from Iowa,' and '[d]oes not tailor its business products to serve Iowa residents.'" *Id.*

Studio 360 counters by arguing that the statements in Brown's affidavit are not misrepresentations. Studio 360 explains that the three buildings InVision discusses in the Motion to Reconsider involve two projects Studio 360 completed. Studio 360 notes that it listed the three buildings on the website to indicate that Studio 360 has experience in the type of project listed, specifically senior centers and not-for-profit agencies. Studio 360 argues that it did not list the buildings on the website to solicit Iowa customers or to tailor its business products to serve Iowa residents. In fact, Studio 360 maintains that, "[a]side from Council Bluff being referenced in [one of] the building name[s] (i.e., Council Bluff Senior Center), the website does not list or advertise the project locations." Resistance to Motion to Reconsider at 4. Instead, in order to ascertain the location of the buildings listed on the website, InVision "had to dig through county assessor records." *Id.* Studio 360 argues, "The two projects plucked from Studio 360's new website, out of the more than a thousand projects by Studio 360 in the last fourteen (14) years, actually confirms the veracity of these two statements [in Brown's affidavit]." *Id.* (internal footnote omitted).

"To prevail on a Rule 60(b)(3) motion, [the movant] must show, 'with clear and

8

convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case.'" *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (quoting *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 372-73 (8th Cir. 1994)). In this case, Brown's averments are not misrepresentations, nor are they evidence of fraud or wrongdoing. At no time did Studio 360, or any of its representatives, state that Studio 360 has never done business in Iowa. Instead, Brown simply averred that Studio 360 "[does] not solicit customers or business from Iowa," and "[d]oes not tailor its business products to serve Iowa residents." Motion to Reconsider Exh. 1-D at ¶ 9(b) and (k). The new information InVision found on Studio 360's website, which was updated after the court entered the Order, is not clear and convincing evidence to the contrary. Consequently, the court cannot conclude that Studio 360 engaged in fraud, misrepresentation or other wrongdoing that would justify vacating the Order under Rule 60(b)(3). *Cf. Atkinson*, 43 F.3d at 373 (finding the failure of the opposing party to produce certain discovery was not necessarily evidence of misconduct or fraud).

### 3. *Rule 60(b)(6)*

"Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate [its] claim and have prevented the moving party from receiving adequate redress." *Harley*, 413 F.3d at 871. In this case, InVision has not directed the court to any exceptional circumstances. Instead, InVision failed to seek any jurisdictional discovery before the court entered the Order, and as a result, InVision was unable to make a prima facie showing that Studio 360 was subject to general personal jurisdiction in Iowa. This is not an exceptional circumstance that would justify relief under Rule 60(b)(6). Consequently, the court shall deny InVision's Motion to Reconsider pursuant to Rule 60(b).

### D. *Alternative Request for Discovery*

InVision alternatively asks the court to withdraw the Order and allow InVision to

9

conduct discovery related to Studio 360's contacts with Iowa. Studio 360 resists, arguing that InVision "had ample ability to request jurisdictional discovery in response to Studio 360's" Motion to Dismiss, and, because InVision "failed to exercise the 'reasonable diligence' imposed upon it by the Federal Rules of Civil Procedure," the request for discovery should be denied as untimely and improper. Resistance to Motion to Dismiss at 6.

Several courts have denied jurisdictional discovery to a party who did not seek such discovery until after the court granted a motion to dismiss for lack of personal jurisdiction. *See, e.g., Platten v. HG Bermuda Exempted Limited*, 437 F.3d 118, 140 (1st Cir. 2006) (finding plaintiffs were not entitled to jurisdictional discovery when they made no attempt to seek discovery until after the district court granted a motion to dismiss for lack of personal jurisdiction); *Roser v. Jackson & Perkins Wholesale, Inc.*, No. 10 C 1894, 2010 WL 4823074, at *1, 8 (N.D. Ill. Nov. 15, 2010) (denying Rule 60(b) motion to reconsider and additional request for jurisdictional discovery); *Ames True Temper, Inc. v. Myers Indus., Inc.*, No. 05-1694, 2007 WL 4268697, at *5-7 (W.D. Pa. Nov. 30, 2007) (same); *Spacey v. Burgar*, 207 F. Supp. 2d 1037, 1051, 1054 (C.D. Cal. 2001) (same); *see also Whitaker v. Torres*, No. DKC 10-0725, 2010 WL 3895384, at *1-2, 3-4 (D. Md. Oct. 1, 2010) (denying motion to reconsider and additional request for jurisdictional discovery); *City of Moundridge v. Exxon Mobil Corp.*, 244 F.R.D. 10, 14-16 (D.D.C. 2007) (finding that plaintiffs' failure to seek jurisdictional discovery before the court's adverse decision was, by itself, "reason to deny the request for jurisdictional discovery"). Because InVision has presented no justification for its failure to seek jurisdictional discovery before the court entered the Order, InVision's request to complete discovery after the court's adverse ruling on the Motion to Dismiss shall be denied.

## V. CONCLUSION

In light of the foregoing, the Motion to Reconsider (docket no. 22) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 1st day of August, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA